UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY GANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:19-cv-0387 |
| | ) |
| TIFFANY NEELY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Johnny Gant has filed a pro se "Ex Parte Complaint" against Tiffany Neely. (Doc. No. 1.) For good cause shown, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**. However, for the reasons set forth herein, the Complaint is **DISMISSED**.

## I.     Initial Review

Because Plaintiff proceeds in forma pauperis, the Court is required under 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). (quoting Gregory v. Shelby Cty., 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II.  Factual Allegations and Claims for Relief

Plaintiff's cryptic "Ex Parte Complaint" contains few factual allegations. Plaintiff states only that he seeks an injunction in the interest of justice under "Rule 2." (Doc. No. 1 at 1.) He then states that the "Plaintiff," apparently meaning the defendant, Tiffany Neely, who is the plaintiff in a related state court case, "seeks to be the administrator of John Henry Gant's Estate," (Id.) Plaintiff insists that the Chancery Court "ignor[ed] the filed title report that showed the Defendant [Neely] and the other parties has no standing in the matter and has already got more money out of the estate than the standing heirs." (Id.) Plaintiff asks that "the matter of the Title Report and the Chancery Court filings be transferred to this District Court." (Id. at 1–2.)

2

Attached to this filing are (1) an Amended Complaint to Quiet Title and for Partition, filed by Tiffany Gant Neely in the Chancery Court for Davidson County, Tennessee Case No. 17-1057-II, against six of her relatives including Johnny Gant, all of whom are alleged to be joint owners as tenants in common of real property located at 1903 Hermosa Street in Nashville; (2) Motion for Default filed by Tiffany Gant in the same proceeding; (3) a "Motion Ex Parte" filed by Johnny Gant in the Tennessee Court of Appeals, as "appellant" in Case No. M2018-02264-COA-R3-CV; and (4) a poor copy of a medical provider note showing that Plaintiff obtained medical care at Vanderbilt for symptoms including shortness of breath on December 29, 2018. The Court also takes judicial notice that the Tennessee Court of Appeals issued an order on April 25, 2019 denying the relief sought in that court by Johnny Gant. That court construed the "Motion Ex Parte" as requesting that it enjoin certain proceedings in the trial court. The court noted that it appeared from the motion and other documents before it that the trial court had not yet have entered final judgment. It indicated that, to the extent final judgment had not been entered, appellant Johnny Gant's notice of appeal would be deemed premature and his motion for relief denied.[1]

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1442 and 1443 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. (Doc. No. 1.) He also claims of violations of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, based on which the Court also presumes Plaintiff seeks to bring claims under 42 U.S.C. § 1983.

---

[1] This information is derived from the information available to the public on the website maintained by the Tennessee Court of Appeals, https://www.tncourts.gov/courts/supreme-court/public-case-history. This Court takes judicial notice only of the fact that that Tennessee Court of Appeals denied Gant's motion and deemed his appeal to be premature.

**III. Analysis**

It is unclear whether Plaintiff seeks to bring a new Complaint alleging claims against Neely for violations of his federal rights, to simply to remove to this Court an ongoing state proceeding, or to enjoin the state court proceedings.

Insofar as Plaintiff seeks to remove a state proceeding to this Court, his "request" that the "Chancery Court filings be transferred" to this Court is not an effective form of removal under 28 U.S.C. § 1446. Plaintiff did not follow the procedures set forth in § 1446(a) or (b).[2] It is apparent that he did not comply with subsection (d), which requires notice to "all adverse parties" as well as the filing of a copy of the notice of removal with the state court clerk. This latter action is necessary to "effect the removal," after which "the State court shall proceed no further unless and until the case is remanded." Id. § 1446(d). Because Plaintiff did not actually file a notice of removal or notify the state court clerk of same, no removal was actually effected, regardless of the other procedural irregularities.

A district court does not have authority to remand a case to state court sua sponte based solely on a procedural defect in removal. Page v. City of Southfield, 45 F.3d 128, 132–33 (6th Cir. 1995). In this case, however, the removal procedure was so defective that it never actually occurred. There is nothing to remand. And the Court has no authority to grant Plaintiff's request that the Court "transfer" the case on his behalf.

Even if Plaintiff had effected a removal, sua sponte remand on the basis of lack of subject-matter jurisdiction would be required. See 28 U.S.C. § 1446(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Plaintiff invokes 28 U.S.C. §§ 1442 and 1443 as providing a basis for removal, but

---

[2] These subsections set forth the requirements of what a removing defendant must file in this Court and the time limitation for doing so.

4

neither applies in this case. Section 1442 permits the removal of any criminal or civil action commenced in state court against the United States or any federal agency, federal official, court officer, or officer of either house of Congress. Plaintiff does not fall into any of these categories. Section 1443 permits the removal of certain civil rights cases, "[b]ut for § 1443(1) to apply under [the Sixth Circuit's] binding precedent, the right denied must arise under a federal law that 'provides for specific civil rights stated in terms of racial equality.'" Tenn. Dep't of Children's Servs. v. Winesburgh, 614 F. App'x 277, 280 (6th Cir. 2015) (citing Conrad v. Robinson, 871 F.2d 612, 614–15 (6th Cir. 1989)). Plaintiff does not invoke any such federal law. See also Georgia v. Rachel, 384 U.S. 780, 792 (1966) (holding that a defendant's reliance on broad constitutional or statutory provisions does not support removal under section 1443 when those provisions "are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands"). And removal under § 1443(2) "is available only to federal officers and to persons assisting such officers in the performance of their official duties." Greenwood v. Peacock, 384 U.S. 808, 815 (1966). Nor is removal appropriate under 28 U.S.C. § 1441, because the Court would not have original jurisdiction over the action filed in state court. 28 U.S.C. § 1441(a). The state court action to quiet title does not state a federal claim for purposes of federal question jurisdiction under 28 U.S.C. § 1331, and there are no allegations in the state court complaint or in Plaintiff's filing in this Court to suggest diversity of citizenship, for purposes of original jurisdiction under 28 U.S.C. § 1332. Thus, if the action had actually been removed, remand for lack of subject-matter jurisdiction would be required.

To the extent the Plaintiff seeks to enjoin Tiffany Neely from prosecuting the quiet-title action in state court or otherwise to stay that action, "[a] court of the United States may not grant

an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Plaintiff has not made a showing that interference in the state court proceedings is authorized or necessary.

Finally, insofar as Plaintiff seeks to bring an entirely new lawsuit in this Court based on his assertion that Tiffany Neely, by pursuing the quiet-title action in state court, has violated his rights under 42 U.S.C. § 2000d or 42 U.S.C. § 1983, the complaint is subject to dismissal for failure to state a claim for which relief may be granted. Under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Plaintiff has not alleged facts that, if true, would establish that he has been subjected to race discrimination by an entity receiving federal funds.

To bring a claim under 42 U.S.C. § 1983 based on a violation of civil rights, a plaintiff must show both the deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person "acting under color of state law." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (citation omitted). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct" Id. (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). There are circumstances under which private persons may become "state actors" for purposes of § 1983. Id. In this case, however, Plaintiff does not allege that the conduct of Tiffany Neely, a private party, is in any way chargeable to the State. See id. ("Generally, 'a private party's mere use of the State's dispute resolution machinery, without the overt, significant assistance of state

officials, cannot [be considered state action].'" (quoting Am. Mfrs., 526 U.S. at 54)). The Complaint, therefore, fails to state a claim against Neely under 42 U.S.C. § 1983.

**IV.     Conclusion and Order**

Plaintiff's application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Insofar as Plaintiff seeks to bring claims under 42 U.S.C. § 2000d or § 1983, the claims are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief may be granted.

Insofar as Plaintiff attempts to remove to this Court the quiet title action pending in the Chancery Court for Davidson County, Case No. 17-1057-II, the removal was not ineffective, and that case remains pending in the state court. Even if the removal had been effective, the Court would have been required to remand it for lack of subject-matter jurisdiction.

Because Plaintiff has not stated an independently viable claim for relief, his request for an injunction is **DENIED AS MOOT**.

This is the final order in this action. The Clerk is **DIRECTED** to enter judgment. Fed. R. Civ. P. 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE